BRYSON, Circuit Judge,
dissenting in part.
I agree with the majority that the district court erred in its application of the eBay factors, and I therefore agree that we should not affirm the district court’s order denying an injunction. However, I disagree with the majority’s decision that the record compels the issuance of an injunction and I therefore dissent with respect to that aspect of this court’s judgment.
Whether Bosch is entitled to injunctive relief is a fact-intensive inquiry that requires a careful balancing of competing equitable concerns, none of which is dis-positive. The resolution of competing factual issues, such as the sufficiency and persuasiveness of the evidence that Pylon’s infringement has and will continue to have adverse effects on Bosch, is for the district court, which has tried the infringement portion of this case to verdict and is familiar with the record. I would therefore not direct the entry of an injunction, but would follow the ordinary course of remanding for the district court to decide whether an injunction should issue based on a proper application of the four-part test for granting permanent injunctive relief. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 394, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (remanding “so that the District Court may apply that framework in the first instance”); Ecolab, Inc. v. FMC Corp., 569 F.3d 1335, 1351-52 (Fed.Cir. *1158 2009) (“Although the district court did not consider the eBay factors, FMC nonetheless asserts that it made the required showing and that it is entitled to injunctive relief. However, we decline to analyze the eBay factors in the first instance.”); Acumed LLC v. Stryker Corp., 483 F.3d 800, 811 (Fed.Cir.2007) (“If we were to weigh the evidence ourselves to reach a conclusion on injunctive relief, we would effectively be exercising our own discretion as if we were the first-line court of equity. That role belongs exclusively to the district court. Our task is solely to review the district court’s decisions for an abuse of discretion.”).
The majority concludes that on this record any decision by the district court to deny an injunction to Bosch would be an abuse of discretion. I disagree. In my view, there are enough open questions of fact bearing on the propriety of injunctive relief that we should not bypass the district court’s consideration of those factual issues on remand.
First, there is an open question whether, and to what extent, Pylon and Bosch compete in the marketplace. Evidence before the district court showed that Pylon is not the only competing manufacturer-distributor of beam wiper blades in the market. The majority points out that Bosch has sued several other manufacturer-distributors in addition to Pylon for patent infringement. With the exception of one case that has settled, however, the record does not reflect the outcome of those suits and thus it cannot be assumed that the other manufacturers actually infringe Bosch’s patent rights. In addition, the evidence is unclear as to whether Pylon’s presence in the beam blade market was, or continues to be, the reason that Bosch has not succeeded in its efforts to market its product to Wal-Mart, the largest aftermarket retailer of automotive parts. Thus, the proposition on which Bosch bases much of its argument — that Pylon’s actions are inflicting irreparable harm by causing it to lose sales — is at least open to question and requires further factual development. The majority is correct that it is not enough for the district court simply to conclude that the beam blade market is not a two-competitor market and to deny injunctive relief on that ground. But to the extent the number of competitors and other characteristics of the market affect the impact of Pylon’s sales on Bosch, those issues are important to Bosch’s right to injunctive relief; those intensely factual issues should be given further consideration by the district court.
As the majority points out, Bosch contends that, in addition to the loss of market share, it has suffered irreparable harm in the form of price erosion, loss of customers, and loss of access to potential customers, issues on which the district court made no explicit findings. The majority concludes that Bosch made a prima facie showing on each of those issues and that because Pylon did not rebut that showing, those issues can be conclusively resolved against Pylon. I disagree with that approach to the resolution of those factual issues. Bosch’s evidence on those issues was far from compelling; it is certainly incumbent upon the district court to consider that evidence, and it may be that the district court will find it persuasive. But that evidence was not so clear-cut that those issues can be resolved based on a shifting of the burden of proof. The evidence presents factual issues for the district court to resolve, and we should direct that court to resolve those issues rather than reaching out to decide those issues ourselves without the aid of the pertinent factual analysis by the district court.
Finally, there is a live issue as to the effect of the size and diversity of the two *1159 parties: Bosch is large, and its wiper blade sales are only a small part of its business, while Pylon is small and wiper blades account for all of its sales. The district court regarded those facts as cutting against the issuance of an injunction on the ground that the economic impact of the lost sales would not result in irreparable harm to Bosch. The majority is correct that harm may be comparatively small but still irreparable — if, for example, Pylon is financially unable to compensate Bosch for its losses from Pylon’s ongoing infringement. But the respective size of the two parties affects another factor bearing on whether the injunction should be granted: the balance of hardships. As to that issue, the majority simply says that a party cannot escape an injunction just because it is small, and that requiring Bosch “to compete against its own patented invention” is a hardship in itself. While that may be true so far as it goes, the respective impact of an injunction on the parties is an important equitable consideration, and the impact of the injunction on each party can be significantly affected by their respective size and the nature of their business. That is not to say that the balance of hardships will necessarily favor Pylon, but only that the considerations to which Pylon points are legitimate factors bearing on the balance of hardships. It is the district court, not this court, that should consider those factors and weigh them in the overall equitable balance. To that extent, I respectfully dissent.